UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GENE STEPHENS,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>FCI VICTORVILLE MEDIUM 2 MEDICAL STAFF,<br>　　　　　　Defendant. | Case No. 5:18-00938 JFW (ADS)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I. INTRODUCTION

On May 2, 2018, plaintiffs Richard Gene Stephens ("Plaintiff"), a prisoner in FCI Victorville Medium I proceeding pro se, filed a Complaint under 42 U.S.C. § 1983. [Dkt. No. 1]. On the same day, Plaintiff filed a request to proceed without prepaying the filing fee ("IFP Request"). [Dkt. No. 2]. The Court granted Plaintiff's IFP Request but did not receive any payments. The Court issued an Order to Show Cause for Failure to Pay Subsequent Partial Payments of Filing Fee, to which Plaintiff responded saying that his

family would pay the filing fees. [Dkt. Nos. 6, 8]. Plaintiff also filed a Notice of change of address, but the Court did not receive any payment toward the filing fees. [Dkt. No. 7]. On May 24, 2019, the Court issued an Order Dismissing Complaint with Leave to Amend. [Dkt. No. 9]. On June 5, 2019, the Court also issued an Order to Show Cause Why Case Should Not be Dismissed for Failure to Pay Filing Fee. [Dkt. No. 10]. Both the Court's May 24, 2019 Order Dismissing with Leave to Amend and June 5, 2019 Order to Show Cause were returned as undeliverable. [Dkt. Nos. 11, 12]. The Federal Bureau of Prisons Inmate Locator indicates Plaintiff has been released. [Dkt. No. 11]. On August 6, 2019, the Court issued an Order to Show Cause Regarding Failure to Update Address. [Dkt. No. 13]. This was also returned. [Dkt. No. 14]. Plaintiff has not filed any response to the May 24, 2019 Order Dismissing with Leave to Amend, June 5, 2019 Order to Show Cause, or August 6, 2019 Order to Show Cause.

## II. **DISCUSSION**

Dismissal of this action is warranted due to Plaintiffs' failure to prosecute the case and comply with court orders. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). Local Rule 41-6 permits the Court to dismiss an action for failure to prosecute if a pro se plaintiff fails to update their address within fifteen days of mail being returned as undeliverable. L.R. 41-6. The Court weighs the following factors when determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the

defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

Here, the first, second, third, and fifth Carey factors weigh in favor of dismissal. First, Plaintiff has failed to engage with this case in any way since June 2018 or to comply with the local rule requiring pro se plaintiffs to keep the Court apprised of their current address. This failure to prosecute the case has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Second, Plaintiff has failed to rebut the presumption that defendants have been prejudiced by this unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). Third, there is no less drastic sanction available as the Court has warned Plaintiff multiple times that the case would be dismissed. Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Finally, although the fourth factor always weighs against dismissal, here Plaintiff's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits. Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Having weighed

these factors, the Court finds that dismissal of this action without prejudice is warranted.

III. **CONCLUSION**

Accordingly, this action is dismissed without prejudice for failure to prosecute. Judgment is to be entered accordingly.

**IT IS SO ORDERED.**

Dated: October 9, 2019

_____
THE HONORABLE JOHN F. WALTER
United States District Judge

Presented by:

  /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge